**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

David A Jackson-Mackay,

Petitioner,

v.

Jason Gunther,

Respondent.

No. CV-25-02103-PHX-JAT

**ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1 at 1). This case was referred to Magistrate Judge Bachus, who issued a Report and Recommendation ("R&R") recommending the petition be denied in its entirety and dismissed with prejudice. (Doc. 22 at 16). The R&R informed the parties that they had 14 days from the date of the recommendation—that is, March 5, 2026—to file specific written objections with the Court. (Doc. 22 at 16). The objection deadline has passed, and neither party filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'");

*Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the report [and recommendation] . . . to which objection is made.").

No objections having been filed,

**IT IS ORDERED** that the Report and Recommendation (Doc. 22) is accepted. The petition is **denied and dismissed with prejudice**. The Clerk of the Court shall enter judgment accordingly.[1]

Dated this 27th day of March, 2026.

James A. Teilborg
Senior United States District Judge

---

[1] Because Petitioner is in federal custody and filed his petition under 28 U.S.C. § 2241, a certificate of appealability is not required. *See Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997); *Close v. Thomas*, 653 F.3d 970, 974 n.2 (9th Cir. 2011) ("Although Petitioners do not have Certificates of Appealability, a COA is not required to appeal the denial of a § 2241 petition filed by a person in federal custody.").

- 2 -